AO 470 (Rev. 8/85) Order of Temporary Detention

# UNITED STATES DISTRICT COURT

_____ District of ____CONNECTICUT____

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>BARBARA MARCH<br>_Defendant_ | ORDER OF TEMPORARY DETENTION<br>PENDING HEARING PURSUANT TO<br>BAIL REFORM ACT<br><br>Case    3:05M 177 (HBF) |

UNITED STATES DISTRICT COURT
District of Connecticut
FILED AT BRIDGEPORT
6/24 2005
Kevin F. Rowe, Clerk
By _____ Deputy Clerk

Upon motion of the _____government_____, it is ORDERED that a detention hearing is set ___6/28/05___ * at ___2:00 pm___
                                                Date                          Time

before ____Holly B. Fitzsimmons, United States Magistrate Judge____
        _Name of Judicial Officer_

____915 Lafayette Blvd., Bridgeport, Connecticut____
            _Location of Judicial Officer_

Pending this hearing, the defendant shall be held in custody by (the United States marshal) _____

_____) and produced for the
            _Other Custodial Official_

Date: ____June 24, 2005____        _/s/ Holly B. Fitzsimmons_
                                    _Judicial Officer_

I hereby certify that the foregoing
is a true copy of the original document
on file. Date: 7-14-05
KEVIN F. ROWE
Clerk
By _____ Deputy Clerk

---

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days (upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. § 3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. §3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     CONNECTICUT

UNITED STATES OF AMERICA
V.
BARBARA JOAN MARCH
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    3:05M175 (HBF)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Deft does not seek release at this time. Order without prejudice to re-hearing after probable cause hearing or removal to District of Columbia.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

June 28, 2005
*Date*

*Signature of Judge*

Holly B. Fitzsimmons, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# CJA 20 APPOINTMENT AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER | |
|---|---|---|---|---|
| CTX | March, Barbara | | | |
| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER |
| 3:05-000177-001 | | | | |
| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | | 10. REPRESENTATION TYPE (See Instructions) |
| U.S. v. March | Felony | Adult Defendant | | Criminal Case |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 876.F -- MAILING THREATENING COMMUNICATIONS

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Wenc, David J.
44 Main St.
Windsor Locks CT 06096-0306

Telephone Number: (860) 623-1195

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)
Wenc - INACTIVE ADDRESS
734 Bliss Rd.
#1A
Longmeadow MA 01106

**13. COURT ORDER**
[X] O Appointing Counsel       [ ] C Co-Counsel
[ ] F Subs For Federal Defender [ ] R Subs For Retained Attorney
[ ] P Subs For Panel Attorney   [ ] Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

[ ] Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case,
or
[ ] Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court
06/24/2005  7-5-05
Date of Order   Nunc Pro Tunc Date: 6-24-05

Repayment or partial repayment ordered from the person represented for this service at time of appointment. [ ] YES [ ] NO

## CLAIM FOR SERVICES AND EXPENSES | FOR COURT USE ONLY

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. | a. Arraignment and/or Plea | | | | | |
| In Court | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $     ) TOTALS: | | | | | |
| 16. | a. Interviews and Conferences | | | | | |
| Out of Court | b. Obtaining and reviewing records | | | | | |
| | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and Other work (Specify on additional sheets) | | | | | |
| | (Rate per hour = $     ) TOTALS: | | | | | |
| 17. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. | Other Expenses (other than expert, transcripts, etc.) | | | | | |
| | GRAND TOTALS (CLAIMED AND ADJUSTED): | | | | | |

I hereby certify that the foregoing is a true copy of the original document on file. Date: 7-14-05
KEVIN F. ROWE, Clerk
By _____

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM _____ TO _____ | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|

**22. CLAIM STATUS** [ ] Final Payment   [ ] Interim Payment Number _____   [ ] Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? [ ] YES [ ] NO  If yes, were you paid? [ ] YES [ ] NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation? [ ] YES [ ] NO  If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _____   Date: _____

### APPROVED FOR PAYMENT — COURT USE ONLY

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
|---|---|---|---|---|
| | | | | |
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE | 28a. JUDGE / MAG. JUDGE CODE |
| | | | | |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
| | | | | |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | | | DATE | 34a. JUDGE CODE |