HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>05-CR-254</u> |
| vs. | : | SSN: _____ |
| MARCH, Barbara | : | Disclosure Date: <u>April 19, 2006</u> |

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_Angela Schmidt_                               _4/27/06_
Prosecuting Attorney                              Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____          _____
Defendant            Date              Defense Counsel            Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **May 3, 2006**, to U.S. Probation Officer **Michael Penders**, telephone number **(202) 565-1379**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Richard A. Houck, Jr., Chief
    United States Probation Officer

Government's Receipt and Acknowledgment

| | |
|---|---|
| Par. 12, p. 5 | Consistent with the factual proffer, please rephrase the second sentence to read, "This DNA **either was not useful or** could only be used for exclusionary purposes." |
| Par. 16, p.6 | Please rephrase as follows: "According to the United States Attorney's Office, **representatives of all of the victims were advised prior to the plea of the proposed sentence of fifteen years imprisonment that was agreed to by the parties, and none opposed that sentence.** All of the victims also have been advised of the opportunity to provide a statement to the Court. **Those who have responded to date continue to agree that the proposed sentence is sufficiently punitive.**" |
| Par. 21, p.6 | Please consider moving this paragraph to par. 24, after the sentencing ending "most analogous offense guideline." |
| Par. 24, p.7 | If the above suggestion is incorporated into the report, then delete the final sentence beginning "As noted earlier...." |
| Par. 68, p.11 | Consistent with the records of the Connecticut Department of Correction, please rewrite the final sentence to read, "The defendant completed this sentence on 5/24/96." |
| Par. 69, p.11 | Consistent with the docket sheet for this case and the records of the Federal Bureau of Prisons, please correct the disposition to read, "<u>9/25/92</u> 30 months custody, followed by 3 years supervised release. Defendant was released from custody on 2/4/94." |
| Par. 72, p.12 | Pursuant to §4B1.2(c), the defendant's 1986 Connecticut convictions are counted as one prior felony conviction for a crime of violence in determining her status as a career offender. However, the defendant nonetheless correctly is classified as a career offender, since her 1991 federal conviction for Mailing Threatening Communications should be counted as a prior felony conviction for a crime of violence. See *United States v. Left Hand Bull*, 901 F.2d 647, 649 (8th Cir. 1990) (upholding district court's determination that mailing a threatening letter was a crime of violence for purposes of determining whether defendant was a career offender). See also, *United States v. De la Fuente*, 353 F.3d 766, 771, n.3 (9th Cir. 2003) (upholding district court's determination that mailing a threatening letter was a crime of violence for which restitution was mandated and citing cases reaching the same conclusion in other contexts). |